**LOGOLEO EARNEST LOGOLEO, GAOA SALOFI GAOA, and NUANUAOLFEAGAIGA TOATOLU, Plaintiffs,**

**v.**

**FA`AMAUSILI POLA, MAUI LAUMEA NIUMATA, LE`ULA TUESE TALI, and PAOPAO FARESA, Defendants.**

High Court of American Samoa
Trial Division

CA No. 31-04

August 13, 2004

Before RICHMOND, Associate Justice, SAGAPOLUTELE, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Plaintiffs, Jennifer L. Joneson
For Defendant Fa`amausili Pola, Charles V. Ala`ilima
For Defendants Maui Laumea Niumata Mailo, Le`ula Tuese Tali, and Paopao Faresa, *Pro Se*

## ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO COMPEL DISCOVERY

### Background

Plaintiffs commenced this action on April 8, 2004, for judicial relief declaring that: (1) Defendant Fa`amausili Pola ("Fa`amausili") was not elected as a Senator in accordance with Samoan custom; (2) Plaintiffs were deprived of their constitutional right to participate in the Senate election; (3) Fa`amausili's election was unconstitutional and therefore null and void; (4) Defendants Maui Laumea Niumata Mailo, Le`ula Tuese Tali and Paopao Faresa, as County Chiefs, incorrectly certified Fa`amausili's election; and (5) Fa`mausili's swearing-in and seating in the Senate is null and void.

On April 13, 2004, Plaintiffs initiated discovery from each Defendant by means of interrogatories and requests for production of documents and things, pursuant to T.C.R.C.P. 33 and 34, respectively. On May 6, 2004, Fa`amausili moved to dismiss the complaint pursuant to T.C.R.C.P. 12(b). On June 2, 2004, Plaintiffs moved to compel Fa`amausili to comply with the requested discovery. The Court heard the motions to

dismiss the complaint and to compel discovery on July 26, 2004. Both counsels were present.

Having considered both motions, for the reasons stated below, the motion to dismiss will be granted, and the motion to compel will be denied.

## Discussion

### I. Motion to Dismiss

Fa`amausili raises four grounds for dismissal of the complaint: (1) failure to join a necessary party; (2) res judicata; (3) lack of any justiciable issue; and (4) judicial discretion to decline declaratory relief.

### A. Failure to Join a Necessary Party

■ Failure to join a necessary party under T.C.R.C.P. 19 is specifically enumerated as a ground for dismissal under T.C.R.C.P. 12(b)(7). Fa`amausili argues that the Senate is a necessary party, because of this Court's decision in *Fa`amausili v. The Senate*, 6 A.S.R.3d 259 (Trial Div. 2002).

However, the issue in *Fa`amausili* is materially different from the issue in this action. After the Senate was informed of Fa`amausili's election, he was sworn in and seated as the Senator filling the then senatorial vacancy in Senate District No. 1. Later, several *matai* from Ta`u, Manu`a complained to the Senate that Fa`amausili had been elected in a manner that did not comport with applicable Samoan custom, as is constitutionally required under Article II, Section 4 of the Revised Constitution of American Samoa. When the Senate acted to expel Fa`amausili, he filed an action to protect his standing in the Senate.

When all was said and done, and the analysis was considerable, the Court in *Fa`amausili* determined that the only justiciable bottom-line issue between the parties in *Fa`amausili* was the constitutional validity of the Senate's action purportedly expelling Fa`amausili after he was sworn in and seated, under Article II, Section 11 of the Revised Constitution of American Samoa. The Court held that the expulsion failed to meet constitutional standards, and that Fa`amausili therefore remained a sitting Senator entitled to all the rights and privileges of his office, effective from the date he was sworn in and seated. *Fa`amausili* 6 A.S.R.3d at 272 .

■ Fa`amausili apparently takes the position that because granting the Plaintiffs' prayer for relief would nullify the Senate's action of swearing in and seating Fa`amausili, the Senate is a necessary or indispensable party for purposes of T.C.R.C.P. 19. We disagree. The core issue in the

69

present action is whether Fa`amausili was elected by means of applicable Samoan custom. If he was not properly elected, it necessarily follows that his election was ineffective from the beginning. The issues in this action and *Fa`amausii* are clearly distinct. The *Fa`amausili* decision merely held that the Senate, having sworn in and seated Fa`amausili, failed to meet constitutional requirements to expel him. For purposes of T.C.R.C.P. 19, the central issue in *Fa`amausili* and the central issue in this action are neither the same nor interrelated.

Lack of a necessary party is not a ground for dismissal of this action.

B. Res Judicata

Along the same lines, Fa`amausili maintains that the *Fa`amausili* decision bars this action under the res judicata principle of not revisiting in subsequent litigation an earlier decision involving identical parties and issues. *See Tuitasi v. Lualemaga,* 4 A.S.R. 798, 801-08 (Trial Div. 1973). However, the present action involves a distinct issue from the one decided in *Fa`amausili,* as found in the necessary party discussion above, and the Plaintiffs in this action were not parties to *Fa`amausili.* The Plaintiffs in this action are simply not bound by the decision in *Fa`amausili.*

Res judicata is also not a basis for dismissal of this action.

C. Lack of Justiciable Issue

Fa`amausili raises the justiciability of the core issue in this action to establish, as the basis for dismissal, that the Court lacks jurisdiction over the subject matter and that the complaint fails to state a claim upon which relief can be granted pursuant to T.C.R.C.P. 12(b)(1) and (6) respectively. His argument is not persuasive.

■ This Court previously established guidelines in *Leasau v. Paopao,* 31 A.S.R.2d 169 (Trial Div. 1997), for meeting Samoan custom requirements for purposes of senatorial elections under Article II, Section 4 of the Revised Constitution of American Samoa. The constitutional proportions of this issue render it justiciable. The same central justiciable issue is presented in this action.

Lack of justiciability is not a ground for dismissal of this action.

D. Judicial Discretion to Decline Declaratory Relief

■ Lastly, Fa`amausili urges that, in any event, we exercise our discretion to refuse to hear Plaintiffs' cause, as authorized by A.S.C.A. § 43.1102, which reads:

> The court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances.

We agree. It is appropriate at this time to decline to issue declarations of the nature Plaintiffs request.

■ Plaintiffs commenced this action in a very tardy manner. Fa`amausili has been in office now as a Senator representing Senate District No. 1 for almost two years. This is in stark contrast to the situation in *Leasau*, when the plaintiff timely and far more appropriately challenged the election of a Senate District No. 1 Senator right at the beginning of the Senator's term of office.

Moreover, the next senatorial elections, including the election of the two Senators representing Senate District No. 1, must be held before the Legislature of American Samoa convenes on the second Monday in January in 2005, and most likely before the end of this year. Though Plaintiffs are entitled to an early trial for this declaratory relief action, A.S.C.A. § 43.1103, the trial court decision will most likely not be final before the current session of the Legislature ends, normally in September. The requested declarations would probably not have any practical effect on future proceedings of the current Senate once the ongoing legislative session is completed. Special sessions are, of course, possible during the remaining approximately three-month period of the 28th Legislature. However, it is improbable that the election process would be completed to timely enable a successor Senator to participate in any further legislative proceedings.

Political campaigning will not influence or otherwise interfere with our due deliberations on judicial controversies when they happen to occur simultaneously. However, rather than await a judicial decision that may have little significance, Plaintiffs might better expend their energy addressing their concerns for the process to be followed in the next Senate District No. 1 election.

■ The requested declarations are not essential to their concerns. *Leasau* gave considerable definitive direction on the constitutional requirement of Senate elections by Samoan customary means under Article II, Section 4 of the Revised Constitution of American Samoa. *Leasau v. Paopao*, 31 A.S.R.2d at 172-74. The *Leasau* Court, considering an earlier Senate District No. 1 election, held that in order to comply with Samoan custom, a senatorial election (1) must provide opportunity, which would inherently include adequate notice to all eligible electors, to enable full participation by all, and not some, of the

county councils constitutionally responsible for electing a Senator to represent their counties (three counties in the case of Senate District No. 1), and (2) the process must permit an extensive sharing of ideas on potential candidates, and a forging of a collective will as to who shall serve in the Senate. *Id.; see also Leasau v. Paopao*, CA No. 5-97, slip op. at 1-2 (Trial Div. June 20, 1997) (order denying mot. for reconsideration). There is no compelling reason in the context of this action to now restate these principles.

We also point out that any decision adverse to Fa`amausili may put in question all of his actions during the approximately two years he has been a sitting Senator. This consequence may raise doubts on the validity of some significant Senate actions during Fa`amausili's service. This potentially chaotic twist on past legislative actions is best avoided in the overriding general public interest of the territory.

We will accordingly exercise our discretion to decline to issue declaratory relief under all the circumstances pertaining to this action at this time.

## II. Motion to Compel

Granting the motion to dismiss the complaint renders the motion to compel discovery moot. The motion to compel will therefore be denied.

### Order

1. Fa`amausili's motion to dismiss is granted. Plaintiffs' complaint is dismissed with prejudice.

2. Plaintiffs' motion to compel Fa`amausili to provide discovery is denied.

It is so ordered.